```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**MARK RAIMO,**

                    **Petitioner,**

          **v.**                                     **CASE NO. 18-3050-SAC**

**JOHNSON COUNTY, KANSAS,**

                    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and paid the filing fee.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must promptly review habeas corpus petitions and must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief…."

**Background**

Petitioner states that he was convicted on a guilty plea in Case No 16CR49 and sentenced in January 2018 to a term of 72 months. It does not appear that he filed a direct appeal or that he has sought post-conviction relief. Petitioner states that he is "still in District Court contesting a subsequent case." (Doc. #1, p. 5.)

**Discussion**

Generally, before a state prisoner may seek review of a conviction in federal court, he must exhaust the remedies available in the Kansas state courts. *See* 28 U.S.C. § 2254(b)(1)(A).

The exhaustion doctrine generally requires a state prisoner to exhaust available state court remedies before filing a federal habeas

corpus action. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). To satisfy the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Because petitioner has not yet presented his claims in the state appellate courts, this matter must be dismissed without prejudice. *See Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009)(dismissal of habeas corpus action is proper where the failure to exhaust is clear from the face of the petition).

### Certificate of Appealability

Under Rule 11(a) of the Rules Governing 2254 Cases, the district court must either issue or deny a certificate of appealability (COA) when it enters an order that is adverse to the petitioner. When the district court rejects a petition on procedural grounds, a COA should issue if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court declines to issue a COA in this matter. Petitioner has not yet presented his claims to the state appellate courts, and his failure to exhaust is plain from the face of the petition.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 13th day of March, 2018, at Topeka, Kansas.

```
                          S/ Sam A. Crow
                          SAM A. CROW
                          U.S. Senior District Judge
```